Charles RUFF, Plaintiff-Appellant,

v.

ST. PAUL MERCURY INSURANCE COMPANY, Defendant-Appellee.

No. 431, Docket 31929.

United States Court of Appeals Second Circuit.

Argued April 9, 1968.

Decided April 25, 1968.

---

David Fox, New York City (Isaacson, Robustelli & Fox, New York City, on the brief), for plaintiff-appellant.

Morton Zuckerman, New York City (Dunn & Zuckerman, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge and WATERMAN and KAUFMAN, Circuit Judges.

PER CURIAM:

The sole issue on appeal is whether a work-connected disability which appellant sustained in Liberia due to contracting poliomyelitis, which concededly is an endemic disease in Liberia, entitles him to benefits under the terms of an insurance policy which his employer had taken out for the benefit of appellant and its other employees serving in foreign countries.

Charles Ruff, a Pennsylvania citizen, commenced this action in the Southern District against the St. Paul Mercury Insurance Company, a Minnesota corporation, for specific performance of an employer's liability insurance policy issued to Ruff's employer, the Institute of International Education, Inc. Admitting that Ruff, who was teaching law at the Arthur Grimes School of Law of the University of Liberia, was covered by the policy, the insurer pleaded as an affirmative defense that Ruff's injury, resulting from endemic disease, was excluded from coverage under the terms of the policy. Judge Wyatt sustained the defense and dismissed the complaint.

Ruff contends that the district court erred in adopting this construction of the policy and he argues that the insurer agreed to pay benefits to the insured's foreign employees as if they were injured in New York State and covered by New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67. We do not agree with this contention.

The insurance contract is on a form designated as "Standard Workmen's Compensation and Employers' Liability Policy." Endorsement No. 1, entitled "Foreign Workmen's Compensation Endorsement" provides in Section 2 that the "Coverage A" of the policy is deleted in its entirety and the following is substituted therefor: "A. The company agrees to pay voluntarily on behalf of the insured to the employees * * * the compensation, medical and other benefits specified in the Workmen's Compensation Law and Occupational Disease Law of the state designated * * * in the same manner as if such employees were covered under the provisions of said law or laws." Section 4 of the same endorsement states "The provisions of this policy shall not apply to injury or death

due to or arising out of endemic disease." Condition 8 of the policy states "All of the provisions of the Workmen's compensation law shall be and remain a part of this policy as fully and completely as if written herein, so far as they apply to compensation and other benefits provided by this policy. * * * " The "Foreign Workmen's Compensation Endorsement" provided that condition 8 is deleted and it substituted "All of the provisions of the Workmen's Compensation and Occupational Disease Law applicable in accordance with Section 2a of this endorsement shall remain a part of this policy as fully and completely as if written herein, so far as they apply to compensation and other benefits provided by this policy. * * * "

We agree with Judge Wyatt that Section 2a provides for voluntary payment of benefits of the kind and amount and in the same manner as provided by New York law to employees of the insured working outside the United States who were not entitled to insurance by New York law, on such terms and conditions as the parties contracted for in the policy. It is clear that the parties were not compelled to provide coverage coextensive with that required under New York law and that it was specifically agreed to exclude from the policy any coverage for disabilities due to endemic disease. This specific provision of Section 4 must prevail over any other more general language in the endorsement. While the result is not one which we like to reach, we cannot rewrite the policy because of our sympathy for Ruff.

■ Ruff's other contention, that this court should take judicial notice of the Liberian Workmen's Compensation Act and apply its provisions to invalidate the limitation against recovery for endemic disease, is not properly before us. A party must give "reasonable written notice" in the district court proceedings in order to raise an issue concerning the law of a foreign country on appeal. Fed.R. Civ.P. 44.1. No written notice that appellant intended to rely upon Liberian law was given in the district court.

In any event, were we to consider Liberian law in deciding this appeal, we do not see how it could change the result. While Ruff might have a cause of action against his employer under Liberian law and Coverage B of the endorsement obligates the insurer "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury caused by accident or disease * * * sustained by an employee * * * arising out of and in the course of his employment. * * * ", the scope of that coverage, like the scope of Coverage A, is limited by the specific provision in Section 4 that "The provisions of this policy shall not apply to injury or death due to or arising out of endemic disease."

The judgment is affirmed.